Case 4:25-cv-01173   Document 1-2   Filed on 03/12/25 in TXSD   Page 1 of 13

Received and E-Filed for Record
11/13/2024 1:01 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Ivey

# EXHIBIT B

CAUSE NO. 24-11-17778

| | | |
|---|---|---|
| **BRIAN JOHNSON and** | § | **IN THE DISTRICT COURT OF** |
| **ANCESTRAL SUPPLEMENTS, LLC** | § | |
| | § | Montgomery County - 457th Judicial District Court |
| **PLAINTIFFS,** | § | |
| | § | **MONTGOMERY COUNTY, TEXAS** |
| **V.** | § | |
| | § | |
| **BRAD KEARNS and BRADVENTURES, LLC** | § | |
| | § | |
| **DEFENDANTS.** | § | _____ **JUDICIAL DISTRICT** |

## ORIGINAL PETITION

COME NOW, Plaintiffs Brian Johnson and Ancestral Supplements, LLC ("Plaintiffs"), and file this Original Petition. Plaintiffs complain of and against Brad Kearns and Bradventures, LLC (the "Defendants"), for causes of action and as grounds for relief, respectfully state:

## DISCOVERY LEVEL

1. Discovery should be conducted under Level 2 according to Tex. R. Civ. Proc. 190.3.

## PARTIES

2. Plaintiff Brian Johnson is an individual residing in Montgomery County, Texas and may be found at 18688 W. FM 1097 Road, Montgomery, Texas 77356.  Plaintiff Johnson is bringing his claims against Defendants.

3. Plaintiff Ancestral Supplements, LLC is a limited liability company organized under the laws of the State of Texas and residing at 18688 W. FM 1097 Road, Montgomery, Texas 77356. Plaintiff Ancestral Supplements is bringing its claims against Defendants.

4. Defendant Brad Kearns ("Defendant Kearns") is a resident of Nevada who may be served at 116 Cypress Way, Stateline, Nevada 89449, or wherever Defendant Kearns may be

1

found. Plaintiffs will effectuate service according to the TEXAS RULES OF CIVIL PROCEDURE.

5.  Defendant Bradventures, LLC ("Defendant Bradventures") was a limited liability company organized under the laws of the State of Nevada on July 19, 2019, whose status is currently revoked, having a registered agent of Bradley Kearns, with an address of 116 Cypress Way, Box 4393, Stateline, Nevada 89449. Bradley Kearns is an individual who resides in the State of Nevada. Plaintiffs will effectuate service according to the TEXAS RULES OF CIVIL PROCEDURE.

## VENUE AND JURISDICTION

6.  Venue is proper in Montgomery County pursuant to § 15.002 of the Texas Civil Practices & Remedies Code because all or a substantial part of the events or omissions giving rise to the claims occurred in Montgomery County, Texas. Jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional limits of this Court and because the Plaintiffs seek declaratory relief sought under Tex. Civ. Prac. & Rem. Code §37.003. There exists a live and actual controversy between the parties regarding whether a contract has been properly terminated or breached and any relief due.

## CLAIM FOR RELIEF

7.  Plaintiffs seek declaratory relief that they have fully complied with a now-terminated contract with Defendant Kearns and, to the extent still a valid entity, Bradventures, LLC. The damages sought are within the jurisdictional limits of the court. Plaintiffs seek only non-monetary relief. Tex. R. Civ. P. 47(c)(5).

003916.000002
139 - 6902225.7

**FACTS**

8. On or about August 19, 2019, Defendants entered into a contract with Plaintiffs entitled "Agreement," which provided for consultant/brand ambassador services in consideration of payment of royalties on product sales. A true and complete copy of the Agreement is attached hereto as **Exhibit 1**. By its terms, the Agreement was to continue "indefinitely," is therefore of indefinite term, and is therefore terminable at will by either party. Further, the Agreement ceases when one of the two parties ceases to "exchange value" or fails to "operate in good faith."

9. Over time, the parties agreed to reduce the royalty amount provided for in the Agreement.

10. On July 17, 2023, Plaintiffs notified Defendants that the Agreement was being terminated. See **Exhibit 2**.

11. On August 7, 2023, counsel for Defendants issued a letter to Plaintiffs that Plaintiffs had breached the Agreement and that the amount in controversy was approximately Two Million Five Hundred Thousand Dollars ($2,500,000.00). See **Exhibit 3**. Plaintiffs continued to provide royalties and Defendants continued to accept these royalties on notice that Defendants needed to work with Plaintiffs on deliverables. The parties agreed to operate under the agreement as revised.

12. However, over time, it became apparent Defendants were not providing the necessary exchange of value. On August 5, 2024, Plaintiffs notified Defendants of this fact. See **Exhibit 4**. Among the failures was Defendants' lack of any defined plan of action to address Key Performance Indicators/deliverables. See **Exhibit 4**. In the August 4, 2024 letter, Defendants were notified that the Agreement was terminated effective September 5, 2024.

13. On November 5, 2024, Defendants notified Plaintiffs that "[w]e are right back where we were in July 2023, with Johnson breaching Kearns's contract in bad faith, even though

Kearns has in good faith continuously promoted MOFO uninterrupted since 2020." See **Exhibit 5**. An assertion of "bad faith" is the opposite of agreement that the parties are operating in good faith, and therefore another terminating event with regard to the Agreement. Defendants made clear there is a justiciable controversy in the November 5, 2024 email – "If Johnson does not immediately confirm Kearns's contractually provided royalty, we will have no alternative other than to pursue a very public lawsuit involving evidence of Ricci's and Johnson's egregious acts of bad faith." Defendants thus again placed some measure of contractual damages within the jurisdictional limits of this Court at issue.

## COUNT ONE:

## DECLARATORY JUDGMENT

14. The above paragraphs are incorporated as if fully set forth herein.

15. The Agreement continues "indefinitely," is therefore of indefinite term, and is therefore terminable at will by either party. Further, the Agreement ceases when one of the two parties ceases to "exchange value" or fails to "operate in good faith."

16. Plaintiffs therefore seek a declaratory judgment, pursuant to Tex. Civ. Prac. & Rem. Code Chapter 37, that Plaintiffs did not breach the Agreement, that the Agreement was terminable at will by either party, that Plaintiffs' termination of the Agreement for lack of value was proper, that the Agreement was terminated when Defendants asserted Plaintiffs breached the Agreement if it had not been terminated earlier, and that Defendants are owned no contractual damages.

17. Pursuant to Tex. Civ. Prac. & Rem. Code 37.009, Plaintiffs seek to recover their attorney's fees and costs from Defendants.

## CONDITIONS PRECEDENT

18. All conditions precedent to Plaintiffs' right to recover on the claims and causes of action asserted in this lawsuit have been discharged, satisfied, or fully performed.

## PRAYER

WHEREFORE, Plaintiffs pray that Defendants be cited to answer and appear herein, and Plaintiffs requests judgment as follows:

a. Declaratory Judgment that the Agreement was not breached by any party other than Defendants, that the Agreement was terminable at will by all signatories, that termination for lack of value provided by Defendants was proper, that the Agreement was terminated when Defendants asserted the Agreement has been breached if it had not been terminated earlier, and that Defendants are owned no contractual damages.

b. Award to Plaintiffs of their attorney's fees and costs.

c. Such other and further relief to which Plaintiffs may show themselves to be entitled.

Respectfully submitted,

CRAIN CATON & JAMES P.C.

By: /s/ *James E. Hudson III*
James E. Hudson III
jhudson@craincaton.com
State Bar No. 00798270
Melinda M. Riseden
State Bar No. 24041443
mriseden@craincaton.com
J. Stephen Green
State Bar No. 08358250
SGreen@craincaton.com
1401 McKinney, Suite 1700
Houston, Texas 77010
(713) 658-2323
(713) 658-1921 Facsimile
**ATTORNEYS FOR PLAINTIFFS**

# AGREEMENT

## Brad Kearns and Ancestral Supplements

This Agreement between Brad Kearns/Bradventures LLC, and Brian Johnson/Ancestral Supplements, Inc. is to develop and market a nutritional supplement titled **MOFO—Male Optimization Formula with Organs**. The product will be produced and owned by Ancestral Supplements and join their existing product line. Brad Kearns will be consultant/brand ambassador with comprehensive and lion's share duties relating to the marketing and promotion of the MOFO storybrand and product. In consideration, Brad Kearns will be paid a royalty as follows:

$5 per bottle at $58 retail, or 8.62% of retail if and when bottle price **changes**.

*Accounting*

- Royalties will be calculated on total sales less returns, and paid quarterly or otherwise at intervals convenient to Ancestral Supplements accounting

*Good Faith Win/Win*

- Royalty Agreement continues indefinitely as long as both parties exchange value and operate in good faith
- This Agreement relates to the MOFO product only, and is envisioned as a potential gateway to bigger and better things
- Retail price at launch is $58/bottle. Price may change in future per annual evaluation. If price increases, royalty may increase in an equitable and good faith manner
- Brad Kearns will not associate with or promote any products deemed to be even remotely competitive with MOFO or any other product in the Ancestral Supplements product line



_____     Sunday, August 18, 2019

Brian Johnson / Ancestral Supplements

*Brad Kearns*

_____        Sunday, August 18, 2019

Brad Kearns / Bradventures

---------- Forwarded message ---------
From: **Chris Ricci** <chris@ancestralsupplements.com>
Date: Mon, Jul 17, 2023 at 1:39 AM
Subject: Partnership with Ancestral Supplements - MOFO
To: <bradkearns1@gmail.com>
Cc: Chris Ricci <chris@ancestralsupplements.com>

Hi Brad,

I hope this email finds you well. My name is Chris Ricci and I'm the new CEO for Ancestral Supplements.

We regret to inform you that we have made an internal decision to remove your information from our product label and cancel the existing contract we have with you. We want to express our sincere appreciation for the partnership we have had thus far.

Due to changing circumstances, we find it necessary to conclude our collaboration. The last royalty payment you received will be the final one in accordance with our agreement. You should have received a payment within the last week or so.

We thank you for your understanding and wish you all the best in your future endeavors. Please feel free to reach out if you have any questions or would like to discuss in more detail.

Thank again for your support with Ancestral Supplements. We couldn't be more grateful for you!


Thanks,
Chris Ricci
Chief Executive Officer
Ancestral Supplements


**[Emphasis added.]**

EXHIBIT 2

**BenunLaw**
**Robert Benun Esq.**
12121 Wilshire Blvd., Suite 810
Los Angeles, CA 90025
www.BenunLaw.com
RBenun@BenunLaw.com
310/245-8239

August 7, 2023

Mr. Chris Ricci (Chris@AncestralSupplements.com)
Chief Executive Officer
Ancestral Supplements, Inc.
18688 Old Farm to Market Rd 1097
Montgomery, TX 77356

Re:   Brian Johnson / Ancestral Supplements, Inc. Breach of Contract -
      Brad Kearns' Male Optimization Formula W/Organs Dietary Supplement ("MOFO")

Dear Mr. Ricci:

We represent Brad Kearns and Bradventures LLC (collectively, "Kearns").  This is to let you know that you, as CEO of Ancestral Supplements, Inc., have caused Brian Johnson and Ancestral Supplements, Inc. (collectively, "Johnson") to breach their contract with Kearns, as reflected in your July 17, 2023 email to Kearns.  In your email, you advised Kearns that you had made a unilateral decision to (a) "remove" the Kearns name from the MOFO "product label"; and (b) "cancel the existing contract."  As a result of your actions, Johnson is now subject to liability, and Kearns' damages are substantial.

You may or may not be aware that in 2019, Kearns (in writing) proposed the MOFO name, idea, and supplement to Johnson.  Johnson loved everything about the MOFO product.  He let Kearns know (in writing) that the MOFO product would be Kearns' "baby" and Kearns' "formula," with Kearns' name on the product.  Johnson and Kearns proceeded to sign a contract (in ink *and also in blood*), in which -

- Kearns agreed (a) to launch, market and promote MOFO; and (b) to forgo associating with or promoting any product competitive with MOFO (or any other product of Ancestral Supplements).
- Johnson agreed (a) to produce and distribute MOFO; and (b) to pay Kearns a royalty of 8.62% per unit/bottle of MOFO sold "indefinitely" as long as Kearns operated in good faith.  (8.62% = $5 per bottle @ $58/unit)

Your email correctly identified the relationship between Kearns and Johnson as a "partnership."

Kearns, working with Johnson, built MOFO from the ground up.  He has continuously marketed and promoted MOFO from inception, and continues to market and promote MOFO, through Kearns' various social media outlets, posts, speaking engagements, interviews, and the like.  Kearns has honored all of his obligations under the contract.  Based on the quarterly accounting statements provided to Kearns to date, the average number of units sold per year is approximately 32,000 (8,000 per quarter).  That entitles Kearns to approximately $160,000 per year based on a royalty of $5 per unit.  We have calculated the current present value of $160,000 per year over the next 30 years to be at least **$2,500,000**.

**To avoid service of legal process, please immediately confirm that you are restoring Kearns' name on the MOFO label, and that Johnson will honor Johnson's contractual obligation *in full and indefinitely*.  If we do not receive such confirmation, we will be forced to file a lawsuit against Johnson (against Johnson personally and against the company), seeking at least $2,500,000 in compensatory damages.  We will also be forced to pursue punitive damages for bad faith.  This will be a public lawsuit involving evidence of this egregious act of bad faith by Johnson.**

If Johnson is represented by counsel, please let us know the name and contact information so that we can direct future correspondence to his or her attention.  Please note that this letter is not intended to be a full or complete recitation of the relevant facts, and is not intended in any way to limit Kearns' rights, claims or remedies, all of which are expressly reserved.

Regards,

*/s/ Robert Benun*

Robert Benun

cc:   Harry Olivar, Esq., Quinn Emanuel Urquhart & Sullivan

KEARNS/MOFO.ANCESTRAL.SUPPLEMENTS/CORRESP/LT.CR.RE.BREACH.OF.CONTRACT

EXHIBIT 3

ANCESTRAL SUPPLEMENTS, LLC
18688 FM 1097
Montgomery, TX 77356

August 5th, 2024

Mr. Brad Kearns                                     **By email to** bradkearns1@gmail.com
Bradventures

    Re:    Termination of Consultant/Brand Ambassador Agreement dated August 18, 2019 (the "Consulting Agreement")

Dear Brad:

    As you know, Ancestral Supplements has had serious concerns about your level of performance under the Consulting Agreement for quite some time. The Consulting Agreement was put in place with the expectation that you would promote MOFO, provide a fair exchange of value, and grow the message of the MOFO product through your efforts. In September of 2021, when it became clear that your efforts were not generating the anticipated results, the Consulting Agreement was amended to reduce the royalty to $2.00 per bottle sold. Last September, Ancestral Supplements made it clear to you that its willingness to keep the Consulting Agreement in effect was contingent on your working with us on deliverables. Ancestral's conditions for keeping the Consulting Agreement in effect were reiterated to you in an email dated October 5, 2023.

    Despite some very enthusiastic emails from you and repeated efforts to develop some Key Performance Indicators / deliverables by which to gauge and track your performance, we still do not have a defined plan of action from you.

    Due to the performance on this SKU and lack of any real effort or commitment on your end, Ancestral Supplements has decided to terminate the Consulting Agreement and focus its efforts on other options that will generate more meaningful outcomes. The effective date for the termination will be September 5, 2024 (30 days from the date of this letter) and the royalties payable under the Consulting Agreement will end on that date.

                                                        Sincerely,

                                                         *Chris Ricci*

                                                         Chris Ricci
                                                         Chief Executive Officer

**EXHIBIT 4**

From: Robert Benun <RBenun@BenunLaw.com>
Sent: Tuesday, November 5, 2024 11:35 AM
To: Peter Nemeth <PNemeth@craincaton.com>
Cc: Harry Olivar (harryolivar@quinnemanuel.com) <harryolivar@quinnemanuel.com>
Subject: Brian Johnson / Ancestral Supplements, Inc. - "Brad Kearns' MOFO" - Breach Claim by Brad Kearns / Bradventures LLC

Peter,
I represent Brad Kearns and Bradventures LLC (collectively, "Kearns").
I believe that you represent Brian Johnson / Ancestral Supplements, Inc. (collectively, "Johnson").
I am not sure if you are fully aware of the history of this matter.
Please see my attached 8/27/23 letter and my attached 7/25/24 email for detailed summaries.
In a nutshell –
1.      In 2019, Kearns proposed "Brad Kearns' MOFO" (Male Optimization Formula with Organs) to Johnson.
2.      In Sept. 2019, Johnson and Kearns signed a contract (in blood) providing Kearns with a royalty of $5 per bottle of MOFO sold.  See attached photo of bottle of Brad Kearns' MOFO.
3.      Johnson proceeded to pay Kearns his $5/bottle royalty.
4.      In 2021, Johnson breached the contract by unilaterally changing Kearns's royalty from a $5/bottle royalty to a $2/bottle passive royalty.  This breach and unilateral modification by Johnson were in writing. In fact, it said that the expectations on Kearns going forward would be minimal, and there would be no promotion or advertising requirement on Kearns.
5.      Johnson proceeded to pay Kearns a $2/bottle passive royalty.  Although Kearns was no longer required to promote MOFO, Kearns continued to do so uninterrupted.
6.      In June 2023, Chris Ricci joined Johnson, and in a misguided attempt to cut costs, he unilaterally attempted in July 2023 (with zero prior discussion, notice or rationale) to terminate Kearns's royalty entirely.   See Chris's attached 7/17/23 email in which he effusively praises Kearns and the Kearns/Johnson "partnership" before stating that Johnson was unilaterally terminating.
7.      In August 2023, I informed Chris that he was putting Johnson in breach (see my attached 8/7/23 letter), and Chris agreed (after either coming to his senses and/or consulting with counsel) to continue paying Kearns a $2/bottle passive royalty.
8.      Again, though Kearns was not required to promote MOFO, Kearns continued to do so uninterrupted.  Johnson continued to pay Kearns a $2/bottle royalty, though payments were delayed each quarter (even though continually requested), presumably at Chris's request.
9.      One year later, in July 2024 (with MOFO having great sales), Chris again made the misguided attempt to cut costs, by attempting to terminate Kearns's royalty, incorrectly claiming that "nothing is signed".
10.     I again had to remind Chris that there is a contract.  See my attached 7/25/24 email.
11.     On August 5, 2024, Chris responded with a meritless termination letter.  Somehow, Chris thinks that it is ok to breach a contract if you give the other party to the contract 30 days notice and you unilaterally withhold payments.  As I am sure you are well aware, that is not how contract law works.
12.     Again, though Kearns was not required to promote MOFO, Kearns continued to do so uninterrupted.
13.     Johnson proceeded to pay Kearns for Q2 2024, though four (4) months late.
14.     Johnson proceeded to pay Kearns a portion of Q3 2024, though a month late.
15.     Chris has stated that Johnson will not make any further payments to Kearns.
16.     We are right back where we were in July 2023, with Johnson breaching Kearns's contract in bad faith, even though Kearns has in good faith continuously promoted MOFO uninterrupted since inception in 2020.
Kearns has spent an inordinate and unnecessary amount on legal fees, and is not going to go around in a circle again.  If Johnson does not immediately confirm Kearns's contractually provided royalty, we will have no alternative other than to pursue a very public lawsuit involving evidence of Ricci's and Johnson's egregious acts of bad faith.
I am available if you would like to discuss.
The above is not intended to be a full or complete recitation of relevant facts, and is not intended in any way to limit Kearns's rights, claims, remedies, all of which are expressly reserved.
Robert
www.BenunLaw.com
RBenun@BenunLaw.com
310-245-8239

EXHIBIT 5

This message and any attachments may contain confidential and/or privileged information. If you are not the intended recipient of this message, then you may not read, copy, distribute or use any of its content. Please notify the sender immediately by reply email and permanently delete all copies and attachments.



**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Raynel Ward on behalf of James Hudson III
Bar No. 00798270
rward@craincaton.com
Envelope ID: 94243586
Filing Code Description: Petition
Filing Description: Original Petition
Status as of 11/14/2024 9:44 AM CST

Associated Case Party: Brian Johnson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| James EHudson | | jhudson@craincaton.com | 11/13/2024 1:01:05 PM | SENT |
| Melinda MRiseden | | riseden-efile@craincaton.com | 11/13/2024 1:01:05 PM | SENT |
| John StephenGreen | | sgreen@craincaton.com | 11/13/2024 1:01:05 PM | SENT |