IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRIAN JOHNSON** and **ANCESTRAL SUPPLEMENTS, LLC**, | § § § § § § § § § § § § | |
| *Plaintiffs/Counter-Defendants*, | | |
| v. | | Case No. **4:25-CV-01173** |
| **BRAD KEARNS** and **BRADVENTURES, LLC**, | | |
| *Defendants/Counter-Plaintiffs.* | | |

## ORIGINAL ANSWER & COUNTERCLAIM

Defendants/Counter-Plaintiffs Brad Kearns and Bradventures, LLC, hereby answer Plaintiffs' Original Petition and file their Counterclaim. In support hereof, Defendants/Counter-Plaintiffs state as follows:

## ORIGINAL ANSWER

### Discovery Level[1]

1.   The allegation in Paragraph No. 1 does not constitute an allegation to which a responsive pleading is required. Accordingly, the allegation is considered denied or avoided.

### Parties

2.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 2 and therefore deny same.

3.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 3 and therefore deny same.

4.   Defendants admit the allegations in Paragraph No. 4.

---

[1] Defendants/Counter-Plaintiffs adopt the headings set forth in Plaintiffs' Original Petition for ease of reference only. To the extent such headings constitute allegations, such allegations are expressly denied.

5.      Defendants deny the allegations in Paragraph No. 5 concerning the status of Defendant Bradventures as "revoked." Defendants otherwise admit the allegations in Paragraph No. 5.

## Venue and Jurisdiction

6.      The allegations in Paragraph No. 6 constitute legal conclusions to which no answer is required. Notwithstanding the foregoing, Defendants deny that venue is proper in a Montgomery County, Texas, court or that the Texas court had personal jurisdiction to adjudicate this dispute.

## Claim for Relief

7.      Defendants admit that Plaintiffs appear to be seeking only declaratory relief but deny all other allegations in Paragraph No. 7.

## Facts

8.      Defendants admit that they are a party to a contract with Plaintiffs, the terms of which speak for themselves, but deny all other allegations in Paragraph No. 8.

9.      Defendants deny the allegations in Paragraph No. 9.

10.     Defendants admit that Plaintiffs tendered a notice in July 2023 but deny all other allegations in Paragraph No. 10.

11.     Defendants admit that Plaintiffs tendered a letter in August 2023 but deny all other allegations in Paragraph No. 11.

12.     Defendants admit that Plaintiffs communicated with Defendants in August and September 2024 but deny all other allegations in Paragraph No. 12.

13.     Defendants admit that Plaintiffs communicated with Defendants in November 2024 but deny all other allegations in Paragraph No. 13.

**Count One: Declaratory Judgment**

14. Defendants adopt and incorporate by referenced the preceding paragraphs.

15. Defendants deny the allegations in Paragraph No. 15.

16. Defendants admit that Plaintiffs purport to seek a declaratory judgment but deny that Defendants are entitled to such relief and deny all other allegations in Paragraph No. 16.

17. Defendants admit that Plaintiffs purport to seek recovery of their attorneys' fees and costs but deny that they are entitled to such relief.

**Conditions Precedent**

18. Defendants lack knowledge or information sufficient to form a belief as to the trust of the allegations in Paragraph No. 18 and therefore deny same.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' claims for recovery are barred, in whole or in part, due to failure of consideration.

2. Plaintiffs' claims for recovery are barred, in whole or in part, due to duress.

3. Plaintiffs' claims for recovery are barred, in whole or in part, due to estoppel.

4. Plaintiff's claims for recovery are barred, in whole or in part, due to unclean hands.

5. Plaintiff's claims for recovery are barred, in whole or in part, due to waiver.

**COUNTERCLAIM**

Counter-Plaintiffs Brad Kearns and Bradventures, LLC, file their Original Counterclaims against Brian Johnson and Ancestral Supplements, LLC, and state as follows:

**I.   PARTIES**

1. Counter-Plaintiff Brad Kearns is and was, at all times relevant, a citizen of Nevada.

2. Counter-Plaintiff Bradventures, LLC, is and was, at all times relevant, a limited liability company organized under the laws of the State of Nevada with its principal place of business in Nevada. Its sole member, Brad Kearns, is and was, at all times relevant, a citizen of Nevada.

3. Counter-Defendant Brian Johnson is and was, at all times relevant, a citizen of the State of Texas.

4. Counter-Defendant Ancestral Supplements, LLC, is and was, at all times relevant, a limited liability company organized under the laws of the State of Texas with its principal place of business in Texas. Its two members, Brian Johnson and Barbara Johnson are and were, at all times relevant, each a citizen of Texas.

## II.   JURISDICTION & VENUE

5. The Court has subject matter jurisdiction over this matter because it arises under the U.S. Copyright Act. It also has diversity jurisdiction over this matter because Counter-Plaintiffs and Counter-Defendants are citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court because Counter-Defendants reside in this judicial district.

## III.   FACTS

7. Brad Kearns is a former world-class triathlete, New York Times bestselling author, podcaster with top-10 ranked show on Apple Podcasts "Fitness" category, and well-known health and nutrition expert. He is the author of more than twenty books on diet, health, performance, and ancestral living, and is a popular speaker and educator.

8. Over 20 years ago, Kearns formed Bradventures, LLC, to promote Kearns' business ventures, including the creation and distribution of instructional materials and nutritional supplements.

9. Defendant Brian Johnson is an Internet health influencer known as the "Liver King." Johnson's company, Defendant Ancestral Supplements, LLC, produces and markets desiccated animal organ dietary supplements.

10. In 2019, Kearns and Bradventures (collectively, "Kearns") pitched a new product idea to Johnson and Ancestral Supplements (collectively, "Ancestral Supplements") coined "MOFO" ("Male Optimization Formula with Organs").

11. Ancestral Supplements loved the idea. Recognizing that the product would be Kearns' "baby . . . [his] name . . . [his] formula," Bradventures and Ancestral Supplements subsequently executed a one-page "Agreement" whereby Kearns agreed to take on the "lion's share duties relating to the marketing and promotion of the MOFO storybrand and product." In exchange, Ancestral Supplements agreed to pay Kearns "$5 per bottle at $58 retail, or 8.62% of retail if and when the bottle price **changes**." The Agreement was to continue "indefinitely as long as both parties exchange value and operate in good faith." At Johnson's insistence, the Agreement was signed in blood.

12. In 2020, Ancestral Supplements launched "Brad Kearns' MOFO." The product was an instant success and has generated approximately $2,000,000 in annual gross sales since its launch. Sales are primarily made through Amazon.com; approximately 10% of sales are generated on the Ancestral Supplements website.

13. However, before the product was even launched, Ancestral Supplements quickly reneged on its agreement with Kearns by withholding royalties on the first 4,734 bottles sold.

14. From the signing of the agreement through present day, Kearns has been actively marketing and promoting MOFO, including via his social media channels and public appearances. He also promoted the product through his 2020 eBook, *Becoming a Modern Day MOFO: An Owner's Manual from Authentic Ancestral Living in Hectic, High-Stress Modern Life*. Kearns holds a copyright for the book under Registration No. TX 9-454-875 issued on December 3, 2024. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit A.

15. Despite Kearns' success at marketing MOFO, in 2021, Ancestral Supplements approached Kearns about renegotiating their arrangement such that Ancestral Supplements would "provide turnkey promotion for MOFO" in exchange for a reduction in royalties to $2.00 per bottle. Ancestral Supplements raised no complaints about Kearns' efforts to that date. While Ancestral Supplements never defined any deliverables expected of Kearns or defined any means of measuring Kearns' success under the contract, the company had showered Kearns with consistent, effusive praise for his wide-ranging contributions to the marketing and promotion of the Ancestral Supplements, Liver King, and The Fittest Ever LLC (another Johnson-owned company) brands. Instead, Ancestral Supplements advised that it simply had better marketing expertise and channels available to it that would result in increased revenue for both parties.

16. Ancestral Supplements explained that the expectations on Kearns under the renegotiated agreement would "be minimal"; Kearns would simply remain "the originator and spokesperson for MOFO." Kearns sought clarification and attempted to discuss new terms but after some back-and-forth, Ancestral Supplements unilaterally proclaimed that it was proceeding on the new terms whereby Kearns would have only a passive role with respect to the MOFO product in exchange for a reduced royalty of $2.00 per bottle.

17. Despite that Kearns had no obligations under the "renegotiated" contract, Kearns continued to promote MOFO and sales remained steady.

18. Two years later, Ancestral Supplements advised Kearns that it was canceling the royalty agreement altogether. After Kearns objected, Ancestral Supplements advised that it wanted to renegotiate the parties' agreement again but, after telling Mr. Kearns to not "be a little b***h," stated that if Kearns was not "receptive to structuring a new agreement," Mr. Kearns "should f**k off."

19. Ancestral Supplements eventually agreed to continue to pay Kearns the promised royalties but insisted that Kearns and Ancestral Supplements establish specific "deliverables" by Kearns for no additional compensation as a condition of the continued royalties. Kearns again engaged in discussions with Ancestral Supplements and suggested a variety of terms but Ancestral Supplements declined to cooperate and reach a new agreement. Instead, Ancestral Supplements suggested—falsely—that its agreement with Kearns was never in writing such that Ancestral Supplements could renegotiate or cancel the agreement at will. Eventually, Ancestral Supplements stopped paying Kearns altogether.

20. Meanwhile, Brian Johnson released his own eBook, *The 9 Ancestral Tenets: A Guide for the Modern-Day Primal*, claiming to be author and creator. This publication, and the massive marketing campaign behind *The 9 Ancestral Tenets* that Johnson has used as the centerpiece of his personal brand as the "Liver King," represents a clear plagiarized ripoff and infringement of Bradventures' copyrighted work, *Becoming a Modern Day MOFO*. When Kearns raised his concerns about the similarities between the written works, Johnson did not deny the similarities and, instead, advised that his first reaction was to, "posture with fists ready to fly, then I finally said, I don't give a f**k if Brad [Kearns] or anyone else attempts to take credit for the 9

Tenets . . . all that matters is the message gets out . . . ."

## IV.   CAUSES OF ACTION

### A.   Breach of Contract

21.   Counter-Plaintiffs adopt and incorporate by reference the preceding paragraphs as if fully restated herein.

22.   Counter-Plaintiffs and Counter-Defendants have an enforceable contract obligating Counter-Defendants to pay "royalties" to Counter-Plaintiffs for the sale of MOFO.

23.   Counter-Plaintiffs have complied with the agreement in full.

24.   Counter-Defendants have breached the agreement by failing to pay sums due thereunder.

25.   As a result of Counter-Defendants breach, Counter-Plaintiffs have suffered and are entitled to recover damages in an amount to be proven at trial.

26.   Counter-Plaintiffs are further entitled to recover their attorneys' fees and costs as provided by Texas law.

### B.   Copyright Infringement

27.   Counter-Plaintiff Brad Kearns adopts and incorporates by reference the preceding paragraphs as if fully restated herein.

28.   Counter-Plaintiff holds a registered copyright in the work *Becoming a Modern Day MOFO*.

29.   Counter-Defendants have infringed Counter-Plaintiff's registered copyright via the publishing and distribution of *The 9 Ancestral Tenets* in violation of Sections 106 and 501 of the U.S. Copyright Act.

30. Counter-Defendants intentionally and purposefully engaged in their infringing actions with knowledge that such actions violate Counter-Plaintiff's copyright and in disregard of and with deliberate indifference to Counter-Plaintiff's rights. Counter-Defendants' actions constitute willful infringement under 17 U.S.C. § 502(c)(2).

31. As a direct and proximate result of Counter-Defendants' infringement, Counter-Plaintiff is entitled to statutory and actual damages in an amount to be proven at trial and injunctive relief prohibiting Counter-Defendants' continued misconduct.

32. Counter-Plaintiff is further entitled to recover his attorneys' fees and costs as provided by 17 U.S.C. § 505.

## V.  JURY DEMAND

33. Defendants/Counter-Plaintiffs demand a trial by jury of all claims and defenses triable thereto.

## VI.  PRAYER

WHEREFORE, Defendants/Counter-Plaintiffs Brad Kearns and Bradventures, LLC, request that Plaintiffs/Counter-Defendants be cited to appear and answer herein and on final hearing and/or trial, that judgment be entered in favor of Defendants/Counter-Plaintiffs as follows:

(a) Judgment in Defendants'/Counter-Plaintiffs' favor on all causes of action asserted against and by them and recovery of monetary damages from Counter-Defendants;

(b) Injunctive relief prohibiting the continued infringement of Counter-Plaintiff's copyrighted work;

(c) Pre- and post-judgment interest;

(d) Attorneys' fees;

(e) Costs of suit; and

(f) Such other and further relief to which Counter-Plaintiffs may show themselves justly entitled.

        Respectfully submitted,

        **LANG & ASSOCIATES, PLLC**

        */s/ Shannon A. Lang*
        Shannon A. Lang
        State Bar No. 24070103
        Fed. ID No. 1103165
        shannon.lang@shannonlanglaw.com
        1903 Vermont Street
        Houston, Texas  77019
        (832) 479-9400 tel.
        (832) 479-9421 fax

        Robert Benun (*pro hac vice forthcoming*)
        California Bar No. 142706
        rbenun@benunlaw.com
        BENUNLAW
        12121 Wilshire Boulevard, Suite 810
        Los Angeles, California  90025
        (310) 245-8239 tel.

        ***Attorneys for Defendants/Counter-Plaintiffs***
        ***Brad Kearns* and *Bradventures, LLC***

## CERTIFICATE OF SERVICE

      I hereby certify that on March 12, 2025, a true and correct copy of the foregoing document was served via facsimile and electronic mail upon the following:

James E. Hudson, III
jhudson@craincaton.com
CRAIN CATON & JAMES, P.C.
1401 McKinney, Suite 1700
Houston, Texas 77010
(713) 658-2323 tel.
(713) 658-1921 fax

*Attorney for Plaintiffs Brian Johnson* and
*Ancestral Supplements, LLC*

                                     */s/ Shannon A. Lang*
                                     Shannon A. Lang

# EXHIBIT A

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*
United States Register of Copyrights and Director

**Registration Number**
**TX 9-454-875**

**Effective Date of Registration:**
December 03, 2024
**Registration Decision Date:**
December 20, 2024

---

### Title

**Title of Work:** Becoming a Modern Day MOFO

### Completion/Publication

**Year of Completion:** 2020
**Date of 1st Publication:** April 24, 2020
**Nation of 1st Publication:** United States
**International Standard Number:** ISBN 978-1-7362944-4-4

### Author

- **Author:** Bradley P Kearns
  **Author Created:** text
  **Work made for hire:** No
  **Citizen of:** United States
  **Year Born:** 1965

### Copyright Claimant

**Copyright Claimant:** Brad P Kearns
PO Box 4393, Stateline, NV, 89449, United States

### Rights and Permissions

**Organization Name:** Bradventures LLC
**Name:** Bradley P Kearns
**Email:** bradkearns1@gmail.com
**Address:** PO Box 4393
Stateline, NV 89449 United States

### Certification

Page 1 of 2