IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN JOHNSON and ANCESTRAL SUPPLEMENTS, LLC, | § § § | |
| Plaintiffs/Counter-Defendants, | § § | |
| v. | § § | Case No.   4:25-CV-01173 |
| BRAD KEARNS and BRADVENTURES, LLC, | § § § | JURY |
| Defendants/Counter-Plaintiffs. | § § | |

**PLAINTIFFS'/COUNTER-DEFENDANTS' RESPONSE TO DEFENDANTS'/COUNTER-PLAINTIFFS' EXPEDITED MOTION TO RESPOND TO PENDING MOTION**

Plaintiffs/Counter-Defendants Brian Johnson and Ancestral Supplements respond to Defendants'/Counter-Plaintiffs' Expedited Motion for Extension of Time to Respond to Pending Motion (Dkt 24) wherein Defendants untimely seek a total of 38 days to respond to the motion for a request to the U.S. Copyright Office and would show the arguments by Defendants are without merit, but that Plaintiffs continue to be willing to afford Defendants the seven (7) days offered to respond.

**I.       The motion should be denied as there is no good cause and this is a further delay.**

There is no good cause for this delay. There is no emergency. The motion in question, Plaintiffs'/Counter-Defendants' Opposed Motion for Request to the Register of Copyrights under 17 U.S.C. § 411(b)(2) and 37 C.F.R. 205.14 (Dkt 23), was served September 12, 2025. Defendants have long been aware of the response deadline of October 3, 2025. Defendants counsel Shannon Lang and Robert Benun let nineteen (19) days elapse before seeking an extension of time. The lack of action is consistent with the failure of Defendants to respond to the discovery requests identified within that motion (see Dkt, 23, pgs. 12, 13, 15 and 18 re deemed admissions). Still, when Defendants, at the last minute, made a request for an extension of time, Plaintiffs provided a full week for the two counsel of

1

Defendants, and their offices, to respond. Motion, Dkt 24, Exh A. Unsatisfied with this grace and despite Defendants' repeated failures to timely address matters in this case, Defendants attempted to negotiate for more time and, when unsuccessful, filed this motion which only addresses future scheduling issues for counsel Shannon Lang. Defendants' motion provides no basis for the 20-day delay by Shannon Lang in addressing the motion. Nor does Defendants' motion provide a basis for the 20-day delay by Robert Benun in addressing this motion. Nor does the Defendants' motion identify why either counsel for Defendants was unable to raise this demand for additional time more than two days before the deadline. Finally, the motion does not provide why Defendants' counsel Robert Benun is unable to address the pending motion in the next seven (7) days as no conflicts were identified for his schedule. Given its two counsel, and as Mr. Benun holds himself out as a copyright law expert, it should be straightforward to address a motion drawn to the statutory-required questions to be posed to the Register of Copyrights. Problematically for Defendants, no good cause is identified for a delay beyond that offered by Plaintiffs.

This motion is a further attempt to delay the case. The Copyright Register is taking 4-6 months to address questions regarding validity. Defendants counsel waited until the deadline to request a delay of the presentation of that motion, which further delays when the Copyright Office may answer the critical question as to validity of the asserted copyright.

Moreover, Defendants' motion is not compliant with the Court's own procedures. The Court's Procedures and Practices, Section A(4), Emergencies, makes clear what requirements are to be followed in connection with an expedited motion. First, if an expedited motion is to be considered, there must have been some conference on that issue ("If both sides agree to an emergency/expedited hearing… If only side feels it is an emergency…"). While Defendants did confer on a duration of an extension of time, no discussion was made regarding an expedited motion, as evident from the lack of

reference in the motion or the exhibit. Likewise, Section B(5)(c) regarding Certificates of Conference, makes clear what is required– conference on the relief requested, which here is an expedited motion. The Certificate of Conference makes no reference to any discussion about any motion being expedited, because no discussion was conducted. Plaintiffs were surprised by the filing.

Plaintiffs were, and still are, willing to afford a further seven (7) calendar days for Defendants' two law attorneys and their respective firms to address the long-pending motion.

## II.     Conclusion

In light of the foregoing, Defendants'/Counter-Plaintiffs' Expedited Motion for Extension of Time to Respond to Pending Motion should be denied except as to the seven (7) days offered by Plaintiffs.

October 2, 2025

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By:     /s/ James E. Hudson III
James E. Hudson III
State Bar No. 00798270
Fed ID No. 21205
jhudson@craincaton.com
Attorney-in-charge
Of Counsel:
Melinda M. Riseden
State Bar No. 24041443
Fed ID No. 38193
mriseden@craincaton.com
William P. Jensen
State Bar No. 10648250
Fed ID No. 13082
wjensen@craincaton.com
CRAIN CATON & JAMES, P.C.
1401 McKinney, Suite 1700
Houston, Texas 77010
(713) 658-2323 tel.
(713) 658-1921 fax
*Attorneys for Plaintiffs Brian Johnson* and *Ancestral Supplements, LLC*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system, per Local Rule LR5.1 and FRCP 5(b), October 2, 2025, and on Robert Benun via mail (FRCP 5(b)(2)(C),) with a courtesy copy provided to Robert Benun by email.

                                            */s/ James E. Hudson III*
                                            James E. Hudson III

003916.000002
139 - 7142015.1